

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*



GOVERNMENT
EXHIBIT

---

*Rod J. Rosenstein*
*United States Attorney*

*Paul E. Budlow*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4917*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Paul.Budlow@usdoj.gov*

December 17, 2010

Patrick Kent, Esquire
Office of the Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 1 8 2011

AT _____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

     Re:    United States v. Shane Stoner
            Criminal No. WMN-10-0362

Dear Mr. Kent:

       This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by December 24, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

       1.      The Defendant agrees to plead guilty to the Indictment now pending against him, which charges him with possession of material depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

       2.      The elements of the offense to which the Defendant has agreed to plead guilty to, and which this Office would prove if the case went to trial, are as follows:

1

     a.     That on or about the date charged in the Indictment, the Defendant knowingly possessed a visual depiction of sexually explicit conduct;

     b.     That the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and knew that the visual depiction was of such conduct; and

     c.     That the visual depiction was produced using materials that were mailed, shipped or transported in interstate or foreign commerce.

<u>Penalties</u>

     3.     The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows:  because the defendant has a prior conviction relating to sexual abuse of a minor, a minimum of ten (10) years' imprisonment and a maximum of twenty (20) years' imprisonment, a $250,000 fine and supervised release for life.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

     4.     The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

     5.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad

3

range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

7.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.      A stipulation of facts is attached as Attachment A to this plea agreement that specifically establishes the commission of additional offenses than those contained in the Indictment pending against the Defendant.  Pursuant to § 1B1.2(c), those additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

<u>Guidelines for Possession of Material Depicting Minors Engaged in Sexually Explicit Conduct:</u>

b.      Pursuant to U.S.S.G §2G2.2(a)(1), the base offense level for possession of child pornography is 18.

c.      Pursuant to U.S.S.G §2G2.2(b)(5), there is a five level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (Subtotal=23)

d.      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two level increase because the offense involved the use of a computer for the possession.  (Subtotal=25)

4

<u>Guidelines for Production of Material Depicting Minors Engaged in Sexually Explicit Conduct:</u>

          e.      Pursuant to U.S.S.G. § 1B1.3, an offense level must also be determined for the uncharged relevant conduct in this case. In this case, the offense involved production of sexually explicit material.

          f.      Pursuant to U.S.S.G §2G2.1(a), the base offense level for production of child pornography is 32.

          g.      Pursuant to U.S.S.G §2G2.1(b)(1)(B),there is a two level increase because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years. (Subtotal=34)

          h.      Pursuant to U.S.S.G §2G2.1(b)(2)(A),there is a two level increase because the offense involved the commission of a sexual act or sexual contact. (Subtotal=36)

<u>Applicable Guidelines:</u>

          i.      Pursuant to U.S.S.G §1B1.2(a), the more serious offense is the applicable guideline. (Subtotal = 36)

          8.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. **Thus, the final anticipated base offense level is 33.**

          9.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

          10.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors,

potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States
Sentencing Guidelines will be raised or are in dispute.

### The "C" Plea

11.     The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C)
that the following sentence is the appropriate disposition of this case:  fifteen years (180 months)
of incarceration and lifetime supervised release.  The sentence imposed in this case will be
imposed to run concurrently to his state sentences under case numbers 09K10013890 and
09K10013918, in the Circuit Court of Dorchester County.  In the event that the Court rejects this
plea agreement, either party may elect to declare the agreement null and void.  Should the
Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant
to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

12.     The parties reserve the right to bring to the Court's attention at the time of
sentencing, and the Court will be entitled to consider, all relevant information concerning the
Defendant's background, character and conduct.

### Waiver of Appeal

13.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291
or otherwise, to appeal his conviction.  Both the Defendant and this Office knowingly and
expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal a sentence of 180 months
imprisonment and a term of lifetime supervised release, as well as an order of forfeiture, agreed
to in this case as well as whatever fine or order of restitution that may be imposed and any issues
that relate to the establishment of the advisory guidelines range.  The Defendant waives any and
all rights under the Freedom of Information Act relating to the investigation and prosecution of
the above-captioned matter and agrees not to file any request for documents from this Office or
any investigating agency.  The Defendant further waives any and all motions, defenses, probable
cause determinations, objections which defendant could assert to the indictment or to the Court's
entry of judgment against the Defendant, and imposition of sentence upon  the Defendant
consistent with this agreement.  If Defendant files a notice of appeal, notwithstanding this
agreement, Defendant agrees that this case shall be remanded to the district court to determine
whether Defendant is in breach of this agreement and, if so, to permit the United States to
withdraw from the plea agreement.

14.     The Defendant may withdraw from the agreement if the Court wishes to
impose a sentence in excess of 180 months and the government may withdraw if the Court
wishes to impose a sentence below 180 months and/or the sentence does not include supervised
release for life.  In the event that the Court rejects the plea, but neither side wishes to withdraw
from the agreement, then nothing in this agreement shall be construed to prevent either the
Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure
35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or

that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision.

15.     If the Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

16.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Paul Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1-24-11
_____
Date

Shane Stoner
_____

I am Mr. Stoner's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1-24-11
_____
Date

Patrick Kent Esquire
_____

8

<u>Attachment A</u>
Statement of Facts

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Shane Stoner ("Stoner") age 28, resides in Cambridge, Maryland.

On or about May 22, 2002, the defendant pled guilty in the Circuit Court for Dorchester County, Maryland, Sex Offense in the Fourth Degree and was sentenced the same day to one year incarceration, nine months of which were suspended. Stoner was placed on supervised probation for three years. At the time of the offense, Stoner was 18 years old and the victim was 13 years old.

In October and November 2009, Stoner was 27 years old and Minor A was 15 years old. During at least October and November 2009, Stoner engaged in vaginal intercourse with Minor A on more than one occasion. On November 8, 2009, Stoner took nude photographs of Minor A, including images showing her genitals and buttocks, using a Kodak Easyshare C613 digital camera, serial number KCGHA74875293.

In July 2009, Stoner was 27 years old and Minor B was 15 years and 5 months old. Beginning no later than July 2009, and continuing through February 2010, Stoner engaged in vaginal intercourse with Minor B on numerous occasions. On January 14, 2010, Stoner sexually abused Minor B and photographed the abuse using a Kodak Easyshare C613 digital camera, serial number KCGHA74875293. The photographs Stoner took of the abuse included:

- Images "103_0096.jpg" and "103_0097.jpg", which both depict Minor B penetrated vaginally by Stoner's penis;
- Images "103_0099.jpg" and "103_0101.jpg", which both depict Stoner using his fingers to manipulate the vaginal area of Minor B.

On February 17, 2010, members of the Cambridge Police Department searched Stoner's residence in Cambridge, Maryland pursuant to a state search warrant. Stoner resided at the residence and was present at the time of the execution of the warrant. The Kodak Easyshare C613 digital camera, serial number KCGHA74875293, and a Dane Elec 4 gigabyte memory card, identification number 0918WW06, were located in the living room. The images of Minor A and Minor B were on the Dane Elec memory card.

The Kodak Easyshare C613 digital camera, serial number KCGHA7487529 and the Dane Elec 4 gigabyte memory card, identification number 0918WW06 were manufactured outside the State of Maryland and were used to take and save the pictures of Minor A and Minor B described in this statement of facts.

On February 17, 2010, Stoner knowingly possessed material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256, which images had been produced using materials that had been shipped and transported in interstate and foreign commerce by any means including by computer.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.  I further understand that it is included as part of my plea agreement with the government in this case.

Shane Stoner

2